IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ON SEMICONDUCTOR CORPORATION,
and SEMICONDUCTOR COMPONENTS
INDUSTRIES, LLC;

PLAINTIFFS,

v.

POWER INTEGRATIONS, INC.

DEFENDANT.

Cause No. _____

**JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ON Semiconductor Corporation and Plaintiff Semiconductor Components Industries, LLC (collectively, "Plaintiffs" or "ON Semiconductor") bring this civil action against Defendant Power Integrations, Inc. ("Power Integrations") and hereby aver and complain as follows:

### PARTIES

1.    Plaintiff ON Semiconductor Corporation is a Delaware corporation with its principal place of business at 5005 East McDowell Road, Phoenix, Arizona, 85008.

2.    Plaintiff Semiconductor Components Industries, LLC is a Delaware limited liability company with its principal place of business at 5005 East McDowell Road, Phoenix, Arizona, 85008.  Semiconductor Components Industries, LLC is the principal domestic operating subsidiary of ON Semiconductor Corporation and does business under the name of ON Semiconductor.   Plaintiffs design, manufacture, and market a comprehensive portfolio of semiconductor products, including AC-DC controllers and regulators.

3.     Defendant Power Integrations, Inc. is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California, 95138.   Power Integrations may be served through its registered agent at Incorporating Services, Ltd., 3500 S. DuPont Highway, Dover, DE 19901..

### JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq.  Jurisdiction in this Court over this cause of action is proper pursuant to 28 U.S.C. § § 1331 and 1338 and 35 U.S.C. § 1, et seq.

5.     This Court has personal jurisdiction over the Defendant.  Power Integrations has conducted and does conduct business within the State of Delaware.   Power Integrations is incorporated in the State of Delaware, has purposely availed itself of the privilege of conducting activities within this State and District, and previously has availed itself of this forum for the purpose of litigating its patent  infringement disputes.

6.     Defendant Power Integrations has also been involved in the distribution of infringing products into this district.  As an example, InnoSwitch products of Power Integrations, including InnoSwitch products having part number SC1224K, are distributed with the 18W USB Type-C$^{TM}$ charger included with the Google Pixel phones (including both the Pixel 5" display and the Pixel XL 5.5" display).   Google Pixel phones are products of Google Inc., which is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.  On information and belief, Google Pixel phones and chargers are distributed throughout the district, including through retailers such as Best Buy and Verizon Wireless.  In addition, InnoSwitch products are available for sale from distributors and may be shipped into this judicial district.

7.      Venue is proper in the District of Delaware under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b) because Defendant Power Integrations resides in this district.

## FACTUAL BACKGROUND

8.      After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,440,298, entitled "Synchronous Rectification Circuit for Power Converters" (hereinafter, "the '298 patent") on October 21, 2008.  A true and correct copy of the '298 patent is attached as **Exhibit A**.

9.      After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,564,705, entitled "Synchronous Rectification Circuit for Power Converters" (hereinafter, "the '705 patent") on June 21, 2009.  A true and correct copy of the '705 patent is attached as **Exhibit B**.

10.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,077,258, entitled "Regulation Circuit Associated with Synchronous Rectifier Providing Cable Compensation for the Power Converter and Method Thereof" (hereinafter, "the '258 patent") on July 7, 2015.  A true and correct copy of the '258 patent is attached as **Exhibit C**.

11.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,796,407, entitled "Method and Apparatus for Providing Synchronous Regulation for Offline Power Converter" (hereinafter, "the '407 patent") on September 14, 2010.  A true and correct copy of the '407 patent is attached as **Exhibit D**.

12.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,800,923, entitled "Offline Synchronous Switching

Regulator" (hereinafter, "the '923 patent") on September 21, 2010.  A true and correct copy of the '923 patent is attached as **Exhibit E**.

13.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,102,211, entitled "Semiconductor Device and Hybrid Integrated Device" (hereinafter, "the '211 patent") on September 5, 2006.  A true and correct copy of the '211 patent is attached as **Exhibit F**.

14.     Semiconductor Components Industries, LLC owns title and all rights to the '298, '705, '258, '407, '923, and '211 patents ("the Asserted Patents"), including the right to prevent others from making, having made, using, offering for sale, importing, or selling products and services covered by those patents; the right to enforce those patents against the Defendant; and the right to collect damages for all relevant times.

15.     Defendant Power Integrations has offered and continues to offer infringing semiconductors, including the InnoSwitch family of products, for sale, directly and through intermediaries (including distributors, retailers, and others), in this district and elsewhere.  As just one example, InnoSwitch products are included in the 18W USB Type-C$^{TM}$ charger that is sold and distributed with the Google Pixel phone, which is shown below:



The 18W USB Type-C<sup>TM</sup> charger for the Google Pixel phone, which is shown below, includes

an InnoSwitch product having part number SC1224K:



In the photograph below, the white charger has been disassembled to show the InnoSwitch

SC1224K product mounted on the circuit board:



16.     The distribution of infringing InnoSwitch products in the Google Pixel phone charger is part of a shared strategy of Power Integrations and Google of offering products that can support and enable fast charging.  Power Integrations explains that "[f]ast charger protocols such as USB-PD/QC3.0 are dramatically reducing the charging time for a cellphone from an overnight charge to less than 30 minutes. This makes charging more convenient for the user allowing almost continual access to mobile devices."  (https://ac-dc.power.com/applications/usb-pd-fast-chargers/).  The InnoSwitch is specifically designed to accommodate and support fast charging.  For example, Power Integrations describes the InnoSwitch as "[t]he most integrated and efficient solution for USB-PD and fast charging."  (https://ac-dc.power.com/applications/usb-pd-fast-chargers/).  In a recent earnings call, Power Integrations identified the fast charging feature of the InnoSwitch as being a driver of growth: "We expect rapid charging to be a significant growth driver beyond the current year as the penetration rate of

fast chargers continue to go up, power levels continue to raise in support of increasingly feature-rich devices and new technologies such as USB PD, direct charging and Type-C$^{TM}$ connectors, drive the need for sophisticated power conversion technologies such as InnoSwitch." (http://www.nasdaq.com/aspx/call-transcript.aspx?StoryId=4016090&Title=power-integrations-powi-q3-2016-results-earnings-call-transcript).

17.     Google advertises that the Google Pixel phone is specially adapted to provide "Fast charging: up to 7 hours of use from only 15 minutes of charging." (https://madeby.google.com/phone/specs/).    Further, Google specifies that charging of the Google Pixel phone is accomplished using a co-packaged USB Type-C™ 18W adaptor with USB-PD, which charging protocol is specifically enabled by a Power Integrations' InnoSwitch product.  (https://madeby.google.com/phone/specs/).

18.     Many of the Asserted Patents describe and claim power converters with a feature known as synchronous rectification.  Synchronous rectification is a rectification technique for the secondary side of the power converter that offers improved efficiency and reduced power consumption.  Power Integrations's InnoSwitch line of products uses synchronous rectification, and Power Integrations has claimed that the "design of the InnoSwitch family is ideal for safe and reliable synchronous rectification."       (https://ac-dc.power.com/videos/innoswitch-synchronous-rectification/).  Power Integrations has also promoted in its marketing literature that the InnoSwitch "optimizes the effectiveness of output synchronous rectification, resulting in extremely       high       efficiency       across       the       full       load       range." (http://investors.power.com/investors/press-releases/press-release-details/2016/Power-Integrations-InnoSwitch-CP-ICs-Dramatically-Improve-Charging-Performance-of-Smart-Mobile-Devices/default.aspx).  Plaintiffs are innovators in the field of synchronous rectification

in power converters, and the InnoSwitch family of products infringes Plaintiffs' patents in this critical technology field.  The past and continuing unauthorized use of Plaintiff's technology by Power Integrations, Google, and others has caused and continues to cause substantial harm to ON Semiconductor.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 7,440,298 BY POWER INTEGRATIONS

19.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-18 as though fully set forth herein.

20.     The '298 patent is valid and enforceable.

21.     Power Integrations has at no time, expressly or impliedly, been licensed under the '298 patent.

22.     Upon information and belief, Power Integrations has been directly infringing and is now directly infringing the '298 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, in this district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States infringing products.  Infringing products include, but are not limited to, one or more products in the InnoSwitch family of products, and include any similarly functioning product that includes a power converter with a synchronous rectification circuit that includes a power switch and a switching-control circuit arranged in an infringing manner in accordance with claim 1 of the '298 patent.  Infringing products in the InnoSwitch family of products include at least the following InnoSwitch model numbers: InnoSwitch-CH family (INN2003K, INN2023K, INN2004K, INN2024K, INN2005K, INN2025K), InnoSwitch-EP family (INN2603K, INN2604K, INN2605K, INN2904K), InnoSwitch-CP family (INN2214K, INN2215K), InnoSwitch-CE family (INN2103K, INN2123K, INN2104K,

INN2124K, INN2105K, INN2125K), SC1221K, SC1223K, SC1225K, SC1226K, SC1229K1, SC1262K, and SC1271K.

23.     Further, Power Integrations induces infringement of one or more of the claims of the '298 patent by others and is therefore liable for its indirect infringement.  Specifically, by way of example only, Power Integrations provides the InnoSwitch family of products to be incorporated into consumer electronic products such as the charger shipped with the Google Pixel phone.  These consumer electronic products are imported, sold, offered for sale, or used within the United States by others, who are direct infringers of the '298 patent.  Power Integrations has had knowledge of, or was willfully blind to, the '298 patent and has had knowledge of, or was willfully blind to the fact that its actions would induce infringement since at least as early as the filing of this Complaint.  Infringing products include any charger, adapter, power converter, electronic device, or other product that includes an InnoSwitch product, including for example, but not limited to, the 18W USB Type-C™ charger shipped with the Google Pixel phone.

24.     Power Integrations possessed a specific intent to induce infringement by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the accused products into consumer electronic products in a way that would infringe the '298 patent.  As one example of Power Integrations's inducing activity, reference designs for the InnoSwitch family of products are available on the Power Integrations web site, and examples are shown at https://ac-dc.power.com/sites/default/files/PDFFiles/rdr420.pdf and https://ac-dc.power.com/sites/default/files/PDFFiles/der518.pdf.

25.     Plaintiffs have been irreparably harmed by Power Integrations's infringement of the '298 patent and will continue to be harmed unless and until Power Integrations's

infringement is enjoined by this Court. Plaintiffs have no adequate remedy at law to redress Power Integrations's continuing infringement. The hardships that would be imposed upon Power Integrations by an injunction are less than those faced by Plaintiffs should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

26.     Also as a result of Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT TWO

## INFRINGEMENT OF U.S. PATENT NO. 7,564,705 BY POWER INTEGRATIONS

27.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-26 as though fully set forth herein.

28.     The '705 patent is valid and enforceable.

29.     Power Integrations has at no time, expressly or impliedly, been licensed under the '705 patent.

30.     Upon information and belief, Power Integrations has been directly infringing and is now directly infringing the '705 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, in this district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States infringing products. Infringing products include, but are not limited to, one or more products in the InnoSwitch family of products, and include any similarly functioning product that includes a power converter with a synchronous rectification circuit that includes a power switch and a switching-control circuit arranged in an infringing manner in accordance with claim 1 of the '705 patent. Infringing products in the InnoSwitch family of products include at least the following InnoSwitch model numbers: InnoSwitch-CH family (INN2003K, INN2023K, INN2004K, INN2024K, INN2005K, INN2025K), InnoSwitch-EP family (INN2603K, INN2604K, INN2605K, INN2904K), InnoSwitch-CP family

(INN2214K, INN2215K), InnoSwitch-CE family (INN2103K, INN2123K, INN2104K, INN2124K, INN2105K, INN2125K), SC1221K, SC1223K, SC1225K, SC1226K, SC1229K1, SC1262K, and SC1271K.

31.     Further, Power Integrations induces infringement of one or more of the claims of the '705 patent by others and is therefore liable for its indirect infringement.  Specifically, by way of example only, Power Integrations provides the InnoSwitch family of products to be incorporated into consumer electronic products such as the charger shipped with the Google Pixel phone.  These consumer electronic products are imported, sold, offered for sale, or used within the United States by others, who are direct infringers of the '705 patent.  Power Integrations has had knowledge of, or was willfully blind to, the '705 patent and has had knowledge of, or was willfully blind to the fact that its actions would induce infringement since at least as early as the filing of this Complaint.  Infringing products include any charger, adapter, power converter, electronic device, or other product that includes an InnoSwitch product, including for example, but not limited to, the 18W USB Type-C$^{TM}$ charger shipped with the Google Pixel phone.

32.     Power Integrations possessed a specific intent to induce infringement by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the accused products into consumer electronic products in a way that would infringe the '705 patent.  As one example of Power Integrations's inducing activity, reference designs for the InnoSwitch family of products are available on the Power Integrations web site, and examples are shown at https://ac-dc.power.com/sites/default/files/PDFFiles/rdr420.pdf and https://ac-dc.power.com/sites/default/files/PDFFiles/der518.pdf.

33.     Plaintiffs have been irreparably harmed by Power Integrations's infringement of the '705 patent and will continue to be harmed unless and until Power Integrations's infringement is enjoined by this Court.  Plaintiffs have no adequate remedy at law to redress Power Integrations's continuing infringement.  The hardships that would be imposed upon Power Integrations by an injunction are less than those faced by Plaintiffs should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

34.     Also as a result of Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT THREE

## INFRINGEMENT OF U.S. PATENT NO. 9,077,258 BY POWER INTEGRATIONS

35.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-34 as though fully set forth herein.

36.     The '258 patent is valid and enforceable.

37.     Power Integrations has at no time, expressly or impliedly, been licensed under the '258 patent.

38.     Upon information and belief, Power Integrations has been directly infringing and is now directly infringing the '258 patent under 35 U.S.C. §  271, either literally or under the doctrine of equivalents, in this district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States infringing products.  Infringing products include, but are not limited to, one or more products in the InnoSwitch family of products, and include any similarly functioning product that includes a power converter with a regulation circuit that includes a signal generator and an error amplifier arranged in an infringing manner in accordance with claim 1 of the '258 patent.  Infringing products in the InnoSwitch family of products

include at least the following InnoSwitch model numbers: InnoSwitch-CH family (INN2023K, INN2024K, INN2025K).

39. Further, Power Integrations induces infringement of one or more of the claims of the '258 patent by others and is therefore liable for its indirect infringement. Specifically, by way of example only, Power Integrations provides the InnoSwitch family of products to be incorporated into consumer electronic products such as the charger shipped with the Google Pixel phone. These consumer electronic products are imported, sold, offered for sale, or used within the United States by others, who are direct infringers of the '258 patent. Power Integrations has had knowledge of, or was willfully blind to, the '258 patent and has had knowledge of, or was willfully blind to the fact that its actions would induce infringement since at least as early as the filing of this Complaint. Infringing products include any charger, adapter, power converter, electronic device, or other product that includes an InnoSwitch product, including for example, but not limited to, the 18W USB Type-C$^{\text{TM}}$ charger shipped with the Google Pixel phone.

40. Power Integrations possessed a specific intent to induce infringement by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the accused products into consumer electronic products in a way that would infringe the '258 patent. As one example of Power Integrations's inducing activity, reference designs for the InnoSwitch family of products are available on the Power Integrations web site, and examples are shown at https://ac-dc.power.com/sites/default/files/PDFFiles/rdr420.pdf and https://ac-dc.power.com/sites/default/files/PDFFiles/der518.pdf.

41. Plaintiffs have been irreparably harmed by Power Integrations's infringement of the '258 patent and will continue to be harmed unless and until Power Integrations's

infringement is enjoined by this Court.  Plaintiffs have no adequate remedy at law to redress Power Integrations's continuing infringement.  The hardships that would be imposed upon Power Integrations by an injunction are less than those faced by Plaintiffs should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

42.     Also as a result of Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FOUR

### INFRINGEMENT OF U.S. PATENT NO. 7,796,407 BY POWER INTEGRATIONS

43.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-42 as though fully set forth herein.

44.     The '407 patent is valid and enforceable.

45.     Power Integrations has at no time, expressly or impliedly, been licensed under the '407 patent.

46.     Upon information and belief, Power Integrations has been directly infringing and is now directly infringing the '407 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, in this district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States infringing products.  Infringing products include, but are not limited to, one or more products in the InnoSwitch family of products, and include any similarly functioning product that includes a synchronous regulation power converter that includes a secondary side switching circuit, an isolation device, a primary side switching circuit, and a synchronous switch arranged in an infringing manner in accordance with claim 1 of the '407 patent.  Infringing products in the InnoSwitch family of products include at least the following InnoSwitch model numbers: InnoSwitch-CH family (INN2003K, INN2023K, INN2004K, INN2024K, INN2005K, INN2025K), InnoSwitch-EP family (INN2603K,

INN2604K, INN2605K, INN2904K), InnoSwitch-CP family (INN2214K, INN2215K), InnoSwitch-CE family (INN2103K, INN2123K, INN2104K, INN2124K, INN2105K, INN2125K), SC1221K, SC1223K, SC1225K, SC1226K, SC1229K1, SC1262K, and SC1271K.

47.     Further, Power Integrations induces infringement of one or more of the claims of the '407 patent by others and is therefore liable for its indirect infringement.  Specifically, by way of example only, Power Integrations provides the InnoSwitch family of products to be incorporated into consumer electronic products such as the charger shipped with the Google Pixel phone.  These consumer electronic products are imported, sold, offered for sale, or used within the United States by others, who are direct infringers of the '407 patent.  Power Integrations has had knowledge of, or was willfully blind to, the '407 patent and has had knowledge of, or was willfully blind to the fact that its actions would induce infringement since at least as early as the filing of this Complaint.  Infringing products include any charger, adapter, power converter, electronic device, or other product that includes an InnoSwitch product, including for example, but not limited to, the 18W USB Type-C$^{TM}$ charger shipped with the Google Pixel phone.

48.     Power Integrations possessed a specific intent to induce infringement by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the accused products into consumer electronic products in a way that would infringe the '407 patent.  As one example of Power Integrations's inducing activity, reference designs for the InnoSwitch family of products are available on the Power Integrations web site, and examples are shown at https://ac-dc.power.com/sites/default/files/PDFFiles/rdr420.pdf and https://ac-dc.power.com/sites/default/files/PDFFiles/der518.pdf.

49.     Plaintiffs have been irreparably harmed by Power Integrations's infringement of the '407 patent and will continue to be harmed unless and until Power Integrations's infringement is enjoined by this Court. Plaintiffs have no adequate remedy at law to redress Power Integrations's continuing infringement. The hardships that would be imposed upon Power Integrations by an injunction are less than those faced by Plaintiffs should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

50.     Also as a result of Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FIVE

## INFRINGEMENT OF U.S. PATENT NO. 7,800,923 BY POWER INTEGRATIONS

51.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-50 as though fully set forth herein.

52.     The '923 patent is valid and enforceable.

53.     Power Integrations has at no time, expressly or impliedly, been licensed under the '923 patent.

54.     Upon information and belief, Power Integrations has been directly infringing and is now directly infringing the '923 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, in this district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States infringing products. Infringing products include, but are not limited to, one or more products in the InnoSwitch family of products, and include any similarly functioning product that practices a synchronous switching regulation method that involves switching a transformer to generate a switching signal, generating pulse signals, transferring the pulse signals to a latch, setting or resetting the latch, and turning on and off a power switch in accordance with claim 12 of the '923 patent. Infringing products in the

InnoSwitch family of products include at least the following InnoSwitch model numbers: InnoSwitch-CH family (INN2003K, INN2023K, INN2004K, INN2024K, INN2005K, INN2025K), InnoSwitch-EP family (INN2603K, INN2604K, INN2605K, INN2904K), InnoSwitch-CP family (INN2214K, INN2215K), InnoSwitch-CE family (INN2103K, INN2123K, INN2104K, INN2124K, INN2105K, INN2125K), SC1221K, SC1223K, SC1225K, SC1226K, SC1229K1, SC1262K, and SC1271K.

55.     Further, Power Integrations induces infringement of one or more of the claims of the '923 patent by others and is therefore liable for its indirect infringement.  Specifically, by way of example only, Power Integrations provides the InnoSwitch family of products to be incorporated into consumer electronic products such as the charger shipped with the Google Pixel phone.  These consumer electronic products are imported, sold, offered for sale, or used within the United States by others, who are direct infringers of the '923 patent.  Power Integrations has had knowledge of, or was willfully blind to, the '923 patent and has had knowledge of, or was willfully blind to the fact that its actions would induce infringement since at least as early as the filing of this Complaint.  Infringing products include any charger, adapter, power converter, electronic device, or other product that includes an InnoSwitch product, including for example, but not limited to, the 18W USB Type-C™ charger shipped with the Google Pixel phone.

56.     Power Integrations possessed a specific intent to induce infringement by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the accused products into consumer electronic products in a way that would infringe the '923 patent.  As one example of Power Integrations's inducing activity, reference designs for the InnoSwitch family of products are available on the Power Integrations web site, and

examples are shown at https://ac-dc.power.com/sites/default/files/PDFFiles/rdr420.pdf and https://ac-dc.power.com/sites/default/files/PDFFiles/der518.pdf.

57.     Plaintiffs have been irreparably harmed by Power Integrations's infringement of the '923 patent and will continue to be harmed unless and until Power Integrations's infringement is enjoined by this Court.  Plaintiffs have no adequate remedy at law to redress Power Integrations's continuing infringement.  The hardships that would be imposed upon Power Integrations by an injunction are less than those faced by Plaintiffs should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

58.     Also as a result of Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT SIX**

**INFRINGEMENT OF U.S. PATENT NO. 7,102,211 BY POWER INTEGRATIONS**

59.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-58 as though fully set forth herein.

60.     The '211 patent is valid and enforceable.

61.     Power Integrations has at no time, expressly or impliedly, been licensed under the '211 patent.

62.     Upon information and belief, Power Integrations has been directly infringing and is now directly infringing the '211 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, in this district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States infringing products.  Infringing products include, but are not limited to, one or more products in the InnoSwitch family of products, and include any similarly functioning product that includes an integrated circuit that includes a hybrid integrated circuit board, a semiconductor element or passive element mounted on the board, a plurality of

leads, and a resin-sealing body arranged in an infringing manner in accordance with at least claims 1 and 5 of the '211 patent.  Infringing products in the InnoSwitch family of products include at least the following InnoSwitch model numbers: InnoSwitch-CH family (INN2003K, INN2023K, INN2004K, INN2024K, INN2005K, INN2025K), InnoSwitch-EP family (INN2603K, INN2604K, INN2605K, INN2904K), InnoSwitch-CP family (INN2214K, INN2215K), InnoSwitch-CE family (INN2103K, INN2123K, INN2104K, INN2124K, INN2105K, INN2125K), SC1221K, SC1223K, SC1225K, SC1226K, SC1229K1, SC1262K, and SC1271K.  Infringing products also include Power Integrations's SCALE-iDriver products having part numbers SID1132K, SID1152K, SID1182K.

63.  Further, Power Integrations induces infringement of one or more of the claims of the '211 patent by others and is therefore liable for its indirect infringement.  Specifically, by way of example only, Power Integrations provides the InnoSwitch family of products to be incorporated into consumer electronic products such as the charger shipped with the Google Pixel phone.  These consumer electronic products are imported, sold, offered for sale, or used within the United States by others, who are direct infringers of the '211 patent.  Power Integrations has had knowledge of, or was willfully blind to, the '211 patent and has had knowledge of, or was willfully blind to the fact that its actions would induce infringement since at least as early as the filing of this Complaint.  Infringing products include any charger, adapter, power converter, electronic device, or other product that includes an InnoSwitch product, including for example, but not limited to, the 18W USB Type-C$^{TM}$ charger shipped with the Google Pixel phone.

64.  Power Integrations possessed a specific intent to induce infringement by, at a minimum, providing product briefs, specification sheets and/or instructions on how to

incorporate the accused products into consumer electronic products in a way that would infringe the '211 patent.  As one example of Power Integrations's inducing activity, reference designs for the InnoSwitch family of products are available on the Power Integrations web site, and examples are shown at https://ac-dc.power.com/sites/default/files/PDFFiles/rdr420.pdf and https://ac-dc.power.com/sites/default/files/PDFFiles/der518.pdf.

65.     Plaintiffs have been irreparably harmed by Power Integrations's infringement of the '211 patent and will continue to be harmed unless and until Power Integrations's infringement is enjoined by this Court.  Plaintiffs have no adequate remedy at law to redress Power Integrations's continuing infringement.  The hardships that would be imposed upon Power Integrations by an injunction are less than those faced by Plaintiffs should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

66.     Also as a result of Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

67.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs ON Semiconductor Corporation and Semiconductor Components Industries, LLC hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

68.     WHEREFORE, Plaintiffs request a judgment:

A.     That Plaintiffs are the owner of all right, title, and interest in and to U.S. Patent Nos. 7,440,298; 7,564,705; 9,077,258; 7,796,407; 7,800,923; and 7,102,211, together with all the rights of recovery under such patents for past and future infringements thereof;

B.    That Defendant has infringed U.S. Patent Nos. 7,440,298; 7,564,705; 9,077,258; 7,796,407; 7,800,923; and 7,102,211.

C.    That U.S. Patent Nos. 7,440,298; 7,564,705; 9,077,258; 7,796,407; 7,800,923; and 7,102,211 are valid and enforceable in law;

D.    Awarding Plaintiffs their damages caused by Defendant's infringement, including an assessment of pre-judgment and post-judgment interest and costs, and an accounting as appropriate for infringing activity not captured within any applicable jury verdict;

E.    Entering a permanent injunction against Defendant, their respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of U.S. Patent Nos. 7,440,298; 7,564,705; 9,077,258; 7,796,407; 7,800,923; and 7,102,211, including, without limitation, from continuing to make, use, sell, offer for sale, or import infringing semiconductors or products including such semiconductors;

F.    That this is an exceptional case and awarding to Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.    In the event a permanent injunction preventing future acts of infringement is not entered, that Plaintiffs be awarded a compulsory ongoing licensing fee; and

H.    Awarding to Plaintiffs such other and further relief as this Court may deem just and proper.

ASHBY & GEDDES

*/s/ John G. Day*

_____

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel:*

Roger Fulghum
BAKER BOTTS L.P.
910 Louisiana
Houston, TX  77002-4995
(713) 229-1707

Dated:  March 9, 2017

*Attorneys for Plaintiffs*