IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ON SEMICONDUCTOR CORPORATION<br>and SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>POWER INTEGRATIONS, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 17-247-LPS-CJB<br>)<br>)<br>)<br>)<br>) |

**OPENING BRIEF IN SUPPORT OF POWER INTEGRATIONS, INC.'S
MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendant*

Dated: May 1, 2017

**TABLE OF CONTENTS**

Table of Authorities .................................................................................................................... iii

Table of Abbreviations ................................................................................................................ iv

I.     Nature and Stage of the Proceedings ....................................................................................1

II.    Summary of Argument .........................................................................................................1

III.   Statement of Facts................................................................................................................2

IV.   Argument ..............................................................................................................................4

        A.    Plaintiffs' Direct Infringement Allegations Fail to Meet the *Twombly/Iqbal* Standard ...................................................................................................................4

        B.    Plaintiffs' Inducement Allegations Fail to Meet the *Twombly/Iqbal* Standard .......8

        C.    The Complaint Offers No Support Whatsoever for Its Pre-Suit Inducement Allegations ............................................................................................................11

        D.    Plaintiffs Lack Standing to Assert Infringement of the '258 Patent.......................11

V.     Conclusion ..........................................................................................................................13

**TABLE OF AUTHORITIES**

**Cases**

*Abbott Labs. v. Roxane Labs., Inc.*, C.A. No. 12-457-RGA-CJB,
  2013 U.S. Dist. LEXIS 74316 (D. Del. May 28, 2013) .................................................... 13, 14

*Abbott Point of Care, Inc. v. Epocal, Inc.*,
  666 F.3d 1299 (Fed. Cir. 2012) ................................................................................................ 13

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ............................................................................................ 9

*Bonutti Skeletal Innovations, LLC v. Globus Med., Inc.*, C.A. No. 14-6650,
  2015 U.S. Dist. LEXIS 77492 (E.D. Pa. June 15, 2015) .......................................................... 11

*CyberFone Sys., LLC v. Cellco P'ship*, No. 11-827-SLR,
  2012 U.S. Dist. LEXIS 60045 (D. Del. Apr. 30, 2012) ............................................................ 12

*D&M Holdings, Inc. v. Sonos, Inc.*, C.A. No. 16-141-RGA,
  2017 U.S. Dist. LEXIS 58790 (D. Del. Apr. 18, 2017) .................................................. 4, 5, 7, 8

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ................................................................................................ 10

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ............................................................................................. passim

*Gould Elecs., Inc. v. United States*,
  220 F.3d 169 (3d Cir. 2000) ..................................................................................................... 13

*Hewlett-Packard Co. v. Bausch & Lomb*,
  909 F.2d 1464 (Fed. Cir. 1990) ................................................................................................ 11

*i4i Ltd. P'ship v. Microsoft Corp.*,
  598 F.3d 831 (Fed. Cir. 2010) .................................................................................................... 9

*Microsoft Corp. v. DataTern, Inc.*,
  755 F.3d 899 (Fed. Cir. 2014) ............................................................................................ 10, 11

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
  549 F.2d 884 (3d Cir. 1977) ..................................................................................................... 13

*Phillips v. Cty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ....................................................................................................... 4

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
 402 F.3d 1198 (Fed. Cir. 2005) .................................................................................... 13, 14

*Symantec Corp. v. Comput. Assocs. Int'l, Inc.*,
 522 F.3d 1279 (Fed. Cir. 2008) ............................................................................................ 10

*Toshiba Corp. v. Imation Corp.*,
 681 F.3d 1358 (Fed. Cir. 2012) .............................................................................................. 9

*Varian Med. Sys. v. Elekta AB*, C.A. No. 15-871-LPS,
 2016 U.S. Dist. LEXIS 91226 (D. Del. July 12, 2016) ................................................ 5, 6, 8, 9

**Statutes**

35 U.S.C § 281 ............................................................................................................................ 13

35 U.S.C. § 271 .............................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... 1, 13, 14

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1, 9, 11, 12

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| Power Integrations | Power Integrations, Inc. |
| Plaintiffs | ON Semiconductor Corporation and Semiconductor Components Industries, LLC |
| The complaint | D.I. 1 |
| The '258 Patent | U.S. Patent No. 9,077,258 |
| The '298 Patent | U.S. Patent No. 7,440,298 |
| The PTO | The United States Patent and Trademark Office |

I.      **Nature and Stage of the Proceedings**

Defendant Power Integrations moves under Federal Rules of Procedure 12(b)(6) and 12(b)(1) to dismiss the complaint because plaintiffs fail to adequately support their infringement allegations with facts, as required by *Twombly* and *Iqbal*, and because plaintiffs are not the owner of one of the asserted patents and therefore lack standing to sue. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

II.     **Summary of Argument**

1.      The complaint alleges infringement of six patents, but fails to set forth the required factual support for its allegations. (D.I. 1 at ¶¶ 19-66). To state a claim in a patent infringement action following the abrogation of Form 18, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs have failed to do so here.

2.      Specifically, the complaint makes no attempt to set forth how the accused products directly infringe. Instead, the complaint relies solely on the bare legal assertion that the accused products include certain – but not all – claim elements "arranged in an infringing manner." (*See*, *e.g.*, D.I. 1 at ¶ 22). The complaint does not identify the actual components of the accused products that meet those claim elements, and omits certain claim elements entirely.

3.      Each count of the complaint further alleges indirect infringement by inducement, but fails to allege any specific act of infringement induced by Power Integrations, and fails to set forth sufficient factual allegations to support a claim that Power Integrations actively encouraged any such infringement.

4.      Further, Plaintiffs assert inducement "*at least* as early as the filing of this Complaint" – an allegation that encompasses pre-suit inducement. (*See*, *e.g.*, D.I. 1 at ¶ 23 (emphasis added)). But plaintiffs offer no facts supporting their claim that Power Integrations

had pre-suit knowledge of the asserted patents. Plaintiffs' pre-suit inducement allegations should therefore be dismissed.

5.    Plaintiffs assert infringement of U.S. Patent No. 9,077,258, but plaintiffs are not the assignee on the face of the patent, and no assignment to plaintiffs has been recorded at the PTO. It is plaintiffs' burden to establish ownership of the patent, and they have failed to do so here. Absent ownership, plaintiffs lack standing to bring a claim for infringement.

### III.    Statement of Facts

The complaint asserts infringement of six patents, each in a separate count. (D.I. 1 at ¶¶ 19-66). Each count is set forth in an identical manner, and includes a single paragraph alleging direct infringement, and then two paragraphs alleging indirect infringement by inducement. (*E.g.*, *id.* at ¶¶ 22-24). The complaint does not include any claim charts or other factual comparisons of the accused products to any claim of the asserted patents.

Each direct infringement paragraph alleges that Power Integrations sells certain listed "InnoSwitch" products that include certain components "in accordance with [the claim]" or "arranged in an infringing manner," "either literally or under the doctrine of equivalents." (*Id.* at ¶¶ 22, 30, 38, 46, 54, 62). The counts do not list the *actual* components of the products, specify the *actual* manner in which they are arranged, or set forth how the products infringe; instead, the listed components are taken directly from the claims, including claim terms such as "power converter," "regulation circuit," and "signal generator." (*See*, *e.g.*, *id.* at ¶ 38). None of the counts identify any specific component of the accused products that constitutes, for example, the "power converter," "regulation circuit," or "signal generator," and none of the counts allege infringement of all of the required claim elements. (*Id.* at ¶¶ 22, 30, 38, 46, 54, 62).

Each count then relies on two paragraphs to allege inducement. The first accuses Power Integrations of selling components that end up in "consumer electronics products," such as "the

18W USB Type-C™ charger shipped with the Google Pixel phone." (*Id.* at ¶¶ 23, 31, 39, 47, 55, 63). This paragraph includes an allegation that Power Integrations knew of the asserted patents "at least as early as the filing of this Complaint." (*Id.*). Each count then includes a second inducement paragraph, alleging that Power Integrations had a specific intent to induce infringement because it provided product specifications and instructions on how to incorporate its products into infringing products, including two specific "reference designs" offered online. (*Id.* at ¶¶ 24, 32, 40, 48, 56, 64). None of the counts set forth any allegation that any specific product was designed as a result of these specifications or reference designs.

All six counts of the complaint follow this formula. The only other information in the complaint is a three-paragraph description of the Google Pixel charger, followed by a paragraph alleging that Power Integrations' InnoSwitch product line "uses synchronous rectification." (*Id.* at ¶¶ 15-18). These paragraphs are incorporated by reference in the later counts. The three-paragraph description of the Google Pixel charger contains little other than an allegation that the Pixel charger includes an InnoSwitch part, and that the part enables "fast charging." (*Id.* at ¶¶ 15-17). The relevance of the "fast charging" feature is not explained. (*Id.*).

The remaining paragraph, regarding "synchronous rectification," asserts that the InnoSwitch line of products uses that feature, and that it is described and claimed in certain of the asserted patents. (*Id.* at ¶ 18). However, the patents do not simply claim "synchronous rectification"; those words (or close approximations of them) appear in the claims of only three of the six asserted patents. (*Id.*, Exh. A at col. 6:26-8:24; *id.*, Exh. B at col. 6:41-8:21; *id.*, Exh. C at col. 5:47-6:65). In all six of the asserted patents, the claims themselves contain numerous other limitations. (*See*, *e.g.*, *id.*, Exh. A at col. 6:26-8:24).

3

IV.  **Argument**

    A.  **Plaintiffs' Direct Infringement Allegations Fail to Meet the *Twombly/Iqbal* Standard**

The complaint fails to state a claim for direct infringement. Following the abrogation of Form 18,[1] a complaint alleging direct infringement in a patent action must meet the pleading requirements set forth by the Supreme Court in *Twombly* and *Iqbal*. *D&M Holdings*, 2017 U.S. Dist. LEXIS 58790 at *5-7; *see Iqbal*, 556 U.S. at 678-679; *Twombly*, 550 U.S at 558. The Court is to follow a two-part analysis, first separating out any legal conclusions, and then evaluating, in the light most favorable to plaintiff, whether the remaining factual contentions "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A complaint "must do more than allege the plaintiff's entitlement to relief[,]" it "has to 'show' such an entitlement with its facts." *Id.* (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In the context of infringement in a patent action, "showing" an entitlement to relief means that a complaint must "sufficiently articulate *how* [the] use of the product can be said to constitute infringement of at least [one] claim . . . of the patent-in-suit." *Varian Med. Sys. v. Elekta AB*, C.A. No. 15-871-LPS, 2016 U.S. Dist. LEXIS 91226, at *12 (D. Del. July 12, 2016) (emphasis in original); *see D&M Holdings*, 2017 U.S. Dist. LEXIS 58790, at *34-36 (granting

---

[1] Form 18 of the Federal Rules of Civil Procedure previously governed the sufficiency of direct infringement allegations in patent actions, but was abrogated by the United States Supreme Court for complaints filed after December 1, 2015. *D&M Holdings, Inc. v. Sonos, Inc.*, C.A. No. 16-141-RGA, 2017 U.S. Dist. LEXIS 58790, at *5-7 (D. Del. Apr. 18, 2017).

4

motion to dismiss a direct infringement allegation under *Twombly* and *Iqbal* where the complaint failed to allege the existence of a claim limitation).

Here, plaintiffs' direct infringement allegations are bare legal conclusions and therefore are properly disregarded under the first step of *Fowler*. 578 F.3d at 211. For example, the single paragraph of direct infringement allegations in Count 1 consists *entirely* of legal conclusions:

> 22. Upon information and belief, Power Integrations has been directly infringing and is now directly infringing the '298 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, in this district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States infringing products. Infringing products include, but are not limited to, one or more products in the InnoSwitch family of products, and include any similarly functioning product that includes a power converter with a synchronous rectification circuit that includes a power switch and a switching-control circuit arranged in an infringing manner in accordance with claim 1 of the '298 patent. Infringing products in the InnoSwitch family of products include at least the following InnoSwitch model numbers: InnoSwitch-CH family (INN2003K, INN2023K, INN2004K, INN2024K, INN2005K, INN2025K), InnoSwitch-EP family (INN2603K, INN2604K, INN2605K, INN2904K), InnoSwitch-CP family (INN2214K, INN2215K), InnoSwitch-CE family (INN2103K, INN2123K, INN2104K, INN2124K, INN2105K, INN2125K), SC1221K, SC1223K, SC1225K, SC1226K, SC1229K1, SC1262K, and SC1271K.

(D.I. 1 at ¶ 22). Every sentence in that paragraph is a legal conclusion, including the accusation that the accused products "include[] a power converter with a synchronous rectification circuit that includes a power switch and a switching-control circuit arranged in an infringing manner in accordance with claim 1 of the '298 patent." (*Id.* (emphasis added)). All of these terms are set forth in claim 1 of the '298 patent, as highlighted below:

> 1. A synchronous rectification circuit of the power converter, comprising:
>     a power switch, coupled to a transformer for rectification; and
>     a switching-control circuit, generating a control signal in response to a
>         magnetized voltage of the transformer, a demagnetized voltage of
>         the transformer, and a magnetization period of the transformer,

5

>> wherein the control signal is coupled to control the power switch, and
>> the enable period of the control signal is correlated to a
>> demagnetization period of the transformer.

(D.I. 1, Ex. A at claim 1). Because these statements simply parrot the language of the asserted claims, they constitute legal allegations that should be disregarded. *Fowler*, 578 F.3d at 210; *McRo, Inc. v. Rockstar Games, Inc.*, C.A. No. 12-1513-LPS-CJB, 2014 U.S. Dist. LEXIS 34161, at *18-19 (D. Del. Mar. 17, 2014) ("[A] re-phrasing of a portion of the language of Claim 1 . . . is really not much different from a bland statement that an entity has taken some unspecified action to practice a 'method claimed' in the patents-in-suit."), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 57111 (D. Del. Apr. 24, 2014).

Even if this language could be considered by the Court, it is grossly insufficient under the second step of *Fowler*, and cannot support plaintiffs' claims. For example, the direct infringement paragraph in Count 1 fails to include any identification of the actual structure of the accused Power Integrations devices and makes no effort to show *how* the accused devices infringe. *See Varian*, 2016 U.S. Dist. LEXIS 91226, at *12 (recommending granting motion to dismiss induced infringement claims, where plaintiff had alleged use "in an infringing manner," and holding that plaintiff must "plead sufficient facts to show *how it is* that such use would actually infringe the patent-in-suit") (emphasis in original). This is far from the "specific, concrete factual allegations" required to support a claim of infringement. *McRo*, 2014 U.S. Dist. LEXIS 34161, at *19. Moreover, there are multiple elements of Claim 1 of the '298 Patent that are not even *listed* in Count 1, much less supported by factual allegations, including the "transformer for rectification," the "control signal," the "demagnetized voltage of the transformer," the "magnetization period of the transformer," and others. (*Compare* D.I. 1 at ¶ 22 to *id.*, Ex. A (the '298 Patent) at claim 1); *see D&M Holdings*, 2017 U.S. Dist. LEXIS 58790, at

6

*35-36 (granting motion to dismiss counterclaim where it alleged the existence of some but not all claim elements in the accused product).[2]

The remaining counts in the complaint suffer from the same problems. Paragraph 22 of Count 1 is representative of the analogous single direct infringement paragraphs in Counts 2-6, which include minor differences in wording (and accuse different model numbers) but otherwise follow the same structure. (*Compare* D.I. 1 at ¶ 22, *with id.* at ¶¶ 30, 38, 46, 54, 62). A chart comparing the infringement allegations of each count to the claim language of the patents is attached as Tab 1, and it shows that the majority of the claim elements are not included in plaintiffs' infringement allegations. The allegations of those paragraphs should likewise be disregarded, because they all assert only bare legal conclusions without factual support. *See Fowler*, 578 F.3d at 211; (D.I. 1 at ¶¶ 22, 30, 38, 46, 54, 62; Tab 1). And even if they are not disregarded under the first step of *Fowler*, they plainly fail to meet the requirements of the second step, because they do not identify *how* the accused products infringe, or even allege the existence of all of the required claim elements in the accused products. *Varian*, 2016 U.S. Dist. LEXIS 91226, at *12; *D&M Holdings*, 2017 U.S. Dist. LEXIS 58790 at *35-36.

Each of the infringement counts, including Count 1, also incorporates by reference the few general paragraphs set forth in the "Factual Background" section of the complaint that make certain factual allegations, but none of these are sufficient to meet the requirements of *Twombly* or *Iqbal*. (D.I. 1 at ¶ 19, 27, 35, 43, 51, 59; *see id.* at ¶¶ 15-18). Paragraphs 15-18 make the following factual claims regarding Power Integrations and the accused products:

---

[2] Plaintiffs likewise provide no factual support whatsoever for their allegations of infringement by the doctrine of equivalents. (*See* D.I. 1 at ¶¶ 22, 30, 38, 46, 54, 62).

7

(1) Power Integrations' InnoSwitch products are included in the "18W USB Type-C™ charger that is sold and distributed with the Google Pixel phone." (*Id.* at ¶ 15).

(2) Power Integrations and Google each use a strategy of "offering products that can support and enable fast charging," which reduces charging time for products and is a "driver of growth" of product sales. (*Id.* at ¶ 16).

(3) Power Integrations' InnoSwitch products and the Google Pixel phone each support "fast charging" via the "USB-PD" standard. (*Id.* at ¶ 16-17).

(4) Power Integrations' InnoSwitch products use "synchronous rectification," which "offers improved efficiency and reduced power consumption," and its marketing materials reflect that. (*Id.* at ¶ 18).

All of these allegations are general contentions regarding Power Integrations and its products. None of them relate the products to the claims of the asserted patents in any way, let alone show "*how*" the products infringe any of plaintiffs' patents. (D.I. 1 at ¶¶ 15-18); *Varian*, 2016 U.S. Dist. LEXIS 91226, at *12 (emphasis in original). Nor can they possibly serve to "allow[] the court to draw the reasonable inference that the defendant is liable" for infringing any specific patent owned by plaintiff. *Iqbal*, 556 U.S. at 678.

As such, all of plaintiffs' direct infringement allegations fail to meet the pleading requirements of *Twombly* and *Iqbal* and should be dismissed pursuant to Rule 12(b)(6).

### B. Plaintiffs' Inducement Allegations Fail to Meet the *Twombly/Iqbal* Standard

To state a claim for inducement a complaint must contain sufficient factual allegations to allow the Court to reasonably infer "direct infringement, and that the alleged infringer 'knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010)); *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of indirect infringement claims that failed to include "allegations regarding intent or

8

any specific acts caused by Defendants"); *Varian*, 2016 U.S. Dist. LEXIS 91226, at *6-7, 29 (recommending granting motion to dismiss inducement claim based on a failure to show a predicate act of infringement).

The complaint in this action fails to show direct infringement for the reasons set forth in the previous section. Its inducement claims are properly dismissed on that basis alone. *Varian*, 2016 U.S. Dist. LEXIS 91226 at *6-7; *see also Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, C.A. No. 13-2052-LPS, 2014 U.S. Dist. LEXIS 131568, at *19-21 (D. Del. Sep. 19, 2014) (recommending dismissing inducement claims for failure to set forth sufficient factual allegations regarding direct infringement), *R&R adopted b*y, C.A. No. 13-2052-LPS, D.I. 39 (D. Del. Oct. 22, 2014); *McRo*, 2014 U.S. Dist. LEXIS 34161, at *19 (same).

The complaint further fails to show that Power Integrations knowingly induced infringement and possessed specific intent to encourage another's infringement. Inducement "requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Symantec Corp. v. Comput. Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292-93 (Fed. Cir. 2008) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Here, the complaint relies on a limited number of specific purported actions to encourage infringement:

(1) Providing the products to be "incorporated into consumer electronics products" such as the Google Pixel phone charger, (D.I. 1 at ¶¶ 23, 31, 39, 47, 55, 63);

(2) Providing "product briefs, specification sheets and/or instructions on how to incorporate the accused products into consumer electronic products in a way that would infringe," including links to two reference designs posted online, (*id.* at ¶¶ 24, 32, 40, 48, 56, 64); and

(3) Using the same "strategy" as Google by "offering products that can support and enable fast charging," (*id.* at ¶¶ 16).

No other inducement allegations are contained within the complaint.

9

None of these allegations are sufficient to support a claim of inducement. As to allegation (1), selling the accused products, sales of an allegedly infringing component alone are not sufficient to support an allegation of inducement. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) (holding that "simply selling a product capable of being used in an infringing manner is not sufficient" to show inducement); *Bonutti Skeletal Innovations, LLC v. Globus Med., Inc.*, C.A. No. 14-6650, 2015 U.S. Dist. LEXIS 77492, at *28 (E.D. Pa. June 15, 2015) (relying on *Datatern* to grant a Rule 12(b)(6) motion to dismiss). Allegation (2), providing instructions, is insufficient to support an allegation of inducement because it simply alleges that the instructions lead to infringement, using "conclusory, 'take my word for it' terms," without setting forth how they do so. *Neology*, 2014 U.S. Dist. LEXIS 131568, at *19-21; *see McRo*, 2014 U.S. Dist. LEXIS 34161, at *19 (recommending dismissing inducement allegations). Plaintiffs fail to even allege that the Google Pixel phone charger – the only device accused of infringement by inducement – was made using these alleged instructions or according to either of the cited reference designs. (*See*, *e.g.*, D.I. 1 at 23-24, 31-32, 39-40, 47-48, 55-56, 63-64); *see also Hewlett-Packard Co. v. Bausch & Lomb*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) ("[P]roof of actual intent to cause *the acts which constitute the infringement*" is "necessary" to show active inducement) (emphasis added). Finally, allegation (3), using the same "strategy" as Google by selling products that support fast charging, is simply irrelevant to whether Power Integrations knowingly induced infringement and possessed specific intent to encourage another's infringement. The mere fact that two companies use the same strategy, even if it were true, does not mean one company is taking active steps to induce the other to do so. Moreover, the complaint says nothing about any relationship between fast charging and the patents-in-suit.

Because the complaint fails to show any predicate direct infringement, and fails to show acts encouraging any instances of direct infringement, it fails to state a claim for inducement and should be dismissed pursuant to Rule 12(b)(6).

### C. The Complaint Offers No Support Whatsoever for Its Pre-Suit Inducement Allegations

The complaint encompasses pre-suit infringement and therefore must show – by alleging with facts – that Power Integrations had pre-suit knowledge of the asserted patents. *See Neology*, 2014 U.S. Dist. LEXIS 131568, at *16-18 (recommending dismissal of pre-suit inducement allegations for failure to show pre-suit knowledge of the asserted patent). Each count of the complaint accuses Power Integrations of inducing infringement "since *at least* as early as the filing of this Complaint." (D.I. 1 at ¶¶ 23, 31, 39, 47, 55, 63 (emphasis added)). The use of "at least" necessarily encompasses the time *before* the filing of the complaint. But none of the counts include any factual support for their allegation of pre-suit knowledge of the asserted patents. As such, plaintiffs have failed to adequately support their claims of pre-suit inducement, and those claims should be dismissed under Rule 12(b)(6).[3]

### D. Plaintiffs Lack Standing to Assert Infringement of the '258 Patent

A Rule 12(b)(1) motion can be brought "as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Where a defendant asserts a factual challenge, the court may consider evidence outside the pleadings. *Id.* Under those circumstances, "the trial court is free to weigh the

---

[3] Alternatively, a judicial determination that the "at least" phrasing used by plaintiffs does not encompass pre-suit inducement, and that plaintiffs cannot seek damages for pre-suit inducement based on the present complaint, would moot this issue. *See CyberFone Sys., LLC v. Cellco P'ship*, No. 11-827-SLR, 2012 U.S. Dist. LEXIS 60045, at *29-30 (D. Del. Apr. 30, 2012) (denying motion to dismiss pre-suit inducement allegations, after holding that a similar phrasing using "at least" did not assert a claim for pre-suit inducement).

evidence. . . . In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Plaintiff bears the burden of establishing that it has standing to sue. *Id.*

In the context of patent infringement, only "a patentee or successor in title to the patentee" has standing to assert a claim. *Abbott Point of Care, Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012); *see* 35 U.S.C § 281 (granting the right to sue to patentees); 35 U.S.C. § 100 (defining "patentee" to include successors in title); *Abbott Labs. v. Roxane Labs., Inc.*, C.A. No. 12-457-RGA-CJB, 2013 U.S. Dist. LEXIS 74316, at *15-17 (D. Del. May 28, 2013). Further, "if the original plaintiff lack[s] Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing, . . . nor by the subsequent purchase of an interest in the patent in suit." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citations omitted).

Here, the evidence shows that plaintiffs lack standing to bring a claim of patent infringement, because both the face of the '258 Patent and the assignment records at the PTO indicate that plaintiffs are not the current assignee of the '258 Patent. (D.I. 1, Ex. C at 1; Tab 2 (PTO assignment records for the '258 Patent));[4] *Abbott*, 666 F.3d at 1302. The face of the '258 Patent states that the assignee is System General Corp. (D.I. 1, Ex. C at 1). The most recent assignment records before the United States Patent and Trademark Office indicate that, on December 22, 2016, the '258 Patent was assigned to Fairchild Semiconductor Corporation. (Tab 2 at 1, 7-8).

---

[4] Power Integrations respectfully requests that the Court treat its motion as a factual challenge to plaintiffs' jurisdiction, and consider the PTO's assignment records, attached as Tab 2, in determining whether plaintiff has standing.

12

It is the plaintiffs' burden to establish ownership of the patent, *Abbott*, 666 F.3d at 1302, and they have failed to do so here. Plaintiffs cannot cure this by subsequent assignment. *Schreiber Foods*, 402 F.3d at 1203. Absent ownership, Count 3 of the complaint (asserting infringement of the '258 Patent) should be dismissed for lack of standing pursuant to Rule 12(b)(1).

## V.     Conclusion

For the foregoing reasons, Power Integrations respectfully requests that the complaint be dismissed in its entirety.

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendant*

Dated: May 1, 2017