IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ON SEMICONDUCTOR CORPORATION and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC;<br><br>     Plaintiffs,<br><br>  v.<br><br>POWER INTEGRATIONS, INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 17-247-LPS-CJB<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>PROTECTIVE ORDER</u>**

  WHEREAS, Plaintiffs ON Semiconductor Corporation and Semiconductor Components Industries, LLC (collectively "ON Semiconductor"), and Defendant Power Integrations, Inc. ("Power Integrations") through counsel, stipulate to the terms of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

  WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

  IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party") to any other party ("Receiving Party") in the course of this civil action:

  1. The term "Confidential Business Information" as used in this Order includes all information and tangible things not publicly available that embody sensitive, competitive or other confidential information including, but not limited to financial information, product information, and marketing or customer information. Confidential Business Information may be contained in discovery information or materials produced or obtained in this action by or

through any means and by or through any person or entity. The Confidential Business Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Business Information shall also be deemed Confidential Business Information.

2. Confidential Business Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action. Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Business Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

3. Produced documents, interrogatory responses, responses to requests for admission and other documents containing Confidential Business Information designated as either "Confidential Information" or "Highly Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" on each page containing such information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). The parties may designate material other than the produced documents as containing Confidential Information or Highly Confidential Information in the following manner:

(a) Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition that the testimony and/or exhibits marked during the deposition contain Confidential Information or Highly Confidential Information subject to the provisions of this Order and requesting that the transcript be marked accordingly. Alternatively, a

Producing Party may designate testimony or information disclosed at a deposition (including exhibits) that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, that the transcript or exhibits contain Confidential Information or Highly Confidential Information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record, from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

       (b)    Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain Confidential Information or Highly Confidential Information.

4.    Subject to the provisions of paragraph 6 herein, material designated as Confidential Information, and any summary, description or report containing such Confidential Information, may be disclosed only to the following persons:

       (a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) any technical and damages consultant and/or expert ("Expert") who is not a current employee of any party in this matter and who has been retained by counsel for ON Semiconductor or Power Integrations to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c) graphics, jury focus group, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action;

(d) photocopy, translators, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e) no more than two (2) officers or employees of the Receiving Party and only insofar as outside counsel of record believe that it is necessary to consult with said officers or employees for purpose of conducting this litigation;

(f) the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. However, nothing in this order shall limit either party's right to seek further disclosure of Highly Confidential Information, as defined in Paragraph 5, to individuals not listed herein; and

(g) with respect to Plaintiffs, Mr. Joshua Engel, provided that Mr. Engel (i) executes the undertaking set out in Exhibit B (and serves the same on Defendant) before the receipt of any Confidential Business Information and (ii) abides by the obligations in the undertaking set out in Exhibit B following the execution of such undertaking.

5. The term "Highly Confidential Information" as used in this Order includes all information and tangible things not publicly available that (a) the disclosing party reasonably believes are "Confidential Business Information" pursuant to Paragraph 1, and (b) that (i) the confidentiality of such information cannot be adequately maintained so as to protect the reasonable interests of the disclosing party in maintaining their confidentiality, unless the disclosure of such information is limited to the persons to whom "Highly Confidential" documents, testimony or information may be disclosed or (ii) the disclosure of which may cause a competitive disadvantage to the disclosing party. Such "Highly Confidential" documents, testimony or information will likely include, but is not limited to, (a) current sales and marketing material, including customer lists; (b) laboratory records, invention records and other technical documents, including schematics, pertaining to current technology not already possessed by the opposing party; (c) current business and marketing plans; (d) royalty information; and (e) other highly sensitive information that is either currently in use or that has a reasonably anticipated future use.

Documents designated as Highly Confidential shall be marked by conspicuously affixing a legend, which includes the words "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Documents designated as containing Highly Confidential Information under this paragraph shall be disclosed only to persons described in subparagraphs 4(a)-(d) and 4(f)-4(g). Accordingly, either party or deponent shall have the right to exclude from a deposition any person other than the deponent, the deponent's attorney, and persons described in subparagraphs 4(a)-(d) and 4(f)-4(g) when produced documents designated Highly Confidential are the subject of examination. By agreeing to the inclusion of this paragraph, the parties are not agreeing to or waiving their rights to challenge the designation of the produced documents

and testimony thereon as provided in paragraph 9 or to seek any other relief from the Court.

      6.    (a)    A party may exclude from a deposition any person who is not entitled to access Confidential Business Information when such information is the subject of examination.

          (b)    No Confidential Business Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b) or 4(e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Business Information.

          (c)    Before individuals under subparagraph 4(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the signed undertaking as well as the retained Expert's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including an identification of (i) the Expert's current employer(s) and consultancies, (ii) each person or entity from whom the Expert has received compensation for work in his or her area(s) of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (iii) the name and action number of the case, filing date, and location of any litigation in connection with which the Expert has provided any professional services during the preceding five years.  If the Producing Party does not object in writing, within ten (10) business days from receipt of the undertaking, Confidential Business Information may then be disclosed to the retained expert or consultant.  If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has twenty (20) days from receipt of the undertaking to bring a motion to preclude the retained

expert or consultant from viewing the Producing Party's Confidential Business Information. If the Producing Party does not bring such a timely motion, Confidential Business Information may be disclosed to the Expert.

(d) Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting Expert will not be a waiver of any privilege that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts.

(e) Before individuals under subparagraph 4(e) may have access to Confidential Information, the Receiving Party must identify such individual and submit to the Producing Party the signed undertaking.

7. Designations of Confidential Information and/or Highly Confidential Information shall constitute a representation that there is a valid basis for such designation. Confidential and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Business Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Business Information in order to ensure that the confidential or restricted or highly confidential nature of the same is maintained.

8. It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Business

Information:  (a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission, or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel, or any expert or consultant retained by or for the Receiving Party, and which is not under any obligation of confidence to any third party with respect to that information or subject to any protective order previously entered into between the parties; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure.  During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof.

9.     If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated is on the party making such designation. Until a determination by the Court, the information at issue shall be treated as designated and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any

non-designating party that the material constitutes or contains a trade secret or other confidential information.

10. During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Business Information from another party's documents strictly limited to those documents which on their face or through appended documents or cover reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless of whether the Producing Party has designated the document(s) it produced as Confidential or Highly Confidential, and regardless of whether such person was the author or a recipient of the document.

11. At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential or Highly Confidential only if the document was authored by or received by that third party or former employee, or provided that the Producing Party consents to such disclosure.

12. Any person receiving Confidential Business Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Business Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

13. Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 3 or 5 hereof, and a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. 1:17-cv-00247-LPS-CJB

14. The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 13 or any other provision thereof.

15. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing such information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

16. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-

product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

17. Any material violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

18. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

19. Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

20. <u>Other Proceedings</u>: By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated confidential pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

21. In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Business Information by another

party, the party subpoenaed or served in accordance with this paragraph shall object to production of the material and shall give prompt written notice to the Producing Party.  Should the person seeking access to the Confidential Business Information take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Confidential Business Information covered by this Order.

22. (a) Within sixty (60) days after filing of the final, nonappealable order in this action, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final order.  If any Receiving Party destroys any such Confidential Business Information, that party shall send a letter to the Producing Party confirming the same.

(b) Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Business Information.  The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any Opinion containing any Confidential Business Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

23. This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

24. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

25. At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

| ASHBY & GEDDES | FISH & RICHARDSON P.C. |
|---|---|
| /s/ *John G. Day* | /s/ *Warren K. Mabey Jr.* |
| John G. Day (#2403) | Joseph B. Warden (#5401) |
| Andrew C. Mayo (#5207) | Warren K. Mabey Jr. (#5775) |
| 500 Delaware Avenue, 8th Floor | 222 Delaware Avenue, 17th Floor |
| P.O. Box 1150 | Wilmington, DE  19801 |
| Wilmington, DE  19899 | (302) 652-5070 |
| (302) 654-1888 | warden@fr.com |
| jday@ashby-geddes.com | mabey@fr.com |
| amayo@ashby-geddes.com | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

**SO ORDERED** this _____ day of _____, 2017.

_____
CHIEF JUDGE

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ON SEMICONDUCTOR CORPORATION,
and SEMICONDUCTOR COMPONENTS
INDUSTRIES, LLC;

        PLAINTIFFS,

v.

POWER INTEGRATIONS, INC.

        DEFENDANT.

C.A. No. 1:17-cv-00247-LPS-CJB

I, _____, hereby declare that:

    1.    I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

    2.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such information by this Order, as applicable.

    3.    Upon final determination of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order, or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

    4.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

    5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____    _____
                                       [signature]

                                       _____
                                       [print or type name]

                                       Title:

                                       Business Affiliation:

                                       Address:

                                       Phone:

{01264865;v1 }

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ON SEMICONDUCTOR CORPORATION, and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC;<br><br>PLAINTIFFS,<br><br>v.<br><br>POWER INTEGRATIONS, INC.<br><br>DEFENDANT. | C.A. No. 1:17-cv-00247-LPS-CJB |

I, Joshua Engel, hereby declare that:

1. I am currently employed by Semiconductor Components Industries, LLC ("SCI") as an in-house attorney in the IP Legal department. SCI is a subsidiary of and the primary operating entity of ON Semiconductor Corporation. I represent these entities, together with their respective subsidiaries (collectively the "ON Semiconductor Entities"), in intellectual property matters.

2. I am admitted to practice law in the state of Colorado, registration number 42360. I am also registered as an in-house counsel in Arizona, and a registered patent attorney with the United States Patent and Trademark Office. I am an active member in good standing in each of these jurisdictions and have no disciplinary history in any jurisdiction. Furthermore, upon entry of the proposed Protective Order in this case, I will apply for pro hac vice admission to this Court, and will thereby submit to the disciplinary jurisdiction of this Court for any alleged misconduct which may occur in the course of this action. I will also execute Exhibit A to the proposed Protective Order, which states that I have carefully read and understand the Protective Order, and agree to be bound by and to comply with all of the provisions of the Protective Order.

3. My current title is Director, IP Disputes. This is a new position recently created with the specific purpose to have an in-house lawyer who directs patent litigation on behalf of the ON Semiconductor Entities but is segregated from the competitive decision making processes and patent prosecution activities of the ON Semiconductor Entities as such might relate to the technology at issue in this lawsuit, switch-mode power supplies. In this role, I will not participate in any competitive decision making or patent prosecution activities for any of the ON Semiconductor Entities regarding switch-mode power supply technology. In particular, beginning on the date of execution of this declaration and continuing for one year following the earlier of the date on which I withdraw as counsel of record in this case or the case is terminated, I will not be involved in any manner in decision making processes related to product

development, product design, pricing, marketing, sales efforts, or overall product strategy for the ON Semiconductor Entities regarding switch-mode power supply technology.  I will further not be involved in any patent preparation or prosecution activities, either directly or in a supervising/directing role, nor be involved in any IP portfolio strategy or management for the same period of time for the ON Semiconductor Entities regarding switch-mode power supply technology.

4. I further agree to not use any Confidential or Highly Confidential information received from Power Integrations at any time for any purpose other than prosecuting, defending, or attempting to settle litigation between Power Integrations and the ON Semiconductor Entities.

5. I am actively and directly engaged in the management and conduct of multiple patent lawsuits between Power Integrations and the ON Semiconductor Entities, including this lawsuit, and need access to relevant technical and financial information in order to assist in the prosecution and defense of these litigations, and to provide advice to management regarding the conduct of the case and any potential settlement.

6. Given my technical background and previous experience as an outside counsel, I plan to participate in this litigation to a greater degree than many in-house counsel, in order to reduce some of the costs and expenses associated with our retained outside counsel.  I plan to direct the litigation strategy of the ON Semiconductor Entities by interfacing with our external legal team (including retained experts) on a daily basis, coordinating internal and external resources, attending depositions and hearings, supervising and contributing to discovery, briefs, and contentions, participating in settlement discussions, and so forth.  My involvement in all of these activities would be significantly hindered if I do not have access to information designated as Confidential and Highly Confidential under the proposed Protective Order.

7. I am not an officer or a member of the board of directors for any of the ON Semiconductor Entities.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____     _____
[signature]

Joshua Engel
Director, IP Disputes
ON Semiconductor
5005 E McDowell Rd, M/D A700
Phoenix, AZ  85008

{01264865;v1 }