```
 1                   IN THE UNITED STATES DISTRICT COURT

 2                   IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
       ON SEMICONDUCTOR CORPORATION, and
 4     SEMICONDUCTOR COMPONENTS INDUSTRIES,
       LLC,                               :     CIVIL ACTION
 5              Plaintiff,                 :
       v                                   :
 6                                         :
       POWER INTEGRATIONS, INC.,          :
 7                                         :     NO. 17-247-LPS
                Defendant.
 8                              - - -

 9                         Wilmington, Delaware
                           Friday, July 26, 2019
10                         Claim Construction Hearing

11                              - - -

12     BEFORE:        HONORABLE LEONARD P. STARK, Chief Judge

13                              - - -
       APPEARANCES:
14
                      ASHBY & GEDDES, P.A.
15                    BY:  JOHN G. DAY, ESQ.

16                         and

17                    BAKER BOTTS, LLP
                      BY:  ROGER FULGHUM, ESQ.
18                         (Houston, Texas)

19                         and

20                    MORRISON & FOERSTER, LLP
                      BY:  COLETTE REINER MAYER, ESQ.
21                         (Palo Alto, California)

22                         Counsel for Plaintiff

23

24
                                   Brian P. Gaffigan
25                                 Registered Merit Reporter
```

```
 1    APPEARANCES:   (Continued)

 2

 3              FISH & RICHARDSON, P.C.
              BY:  WARREN K. MABEY, JR., ESQ., and
 4                   JOSEPH WARDEN, ESQ.

 5                   and

 6              FISH & RICHARDSON, P.C.
              BY:  HOWARD G. POLLACK, ESQ.,
 7                   (Redwood City, California)

 8                        Counsel for Defendants

 9

10

11

12

13

14

15

16

17

18

19

20

21

22                        - oOo -

23                  P R O C E E D I N G S

24             (REPORTER'S NOTE:  The following telephone

25    conference was held in chambers, beginning at 3:00 p.m.)
```

| | |
|---|---|
| 1 | THE COURT:  Good afternoon, everybody.  This is |
| 2 | Judge Stark.  Who is there, please? |
| 3 | MR. DAY:  Good afternoon, Your Honor.  On behalf |
| 4 | of the plaintiff, ON Semiconductor this is John Day at Ashby |
| 5 | & Geddes.  With me on the line are Colette Mayer from |
| 6 | Morrison and Foerster, Roger Fulghum from Baker & Botts, and |
| 7 | Josh Engel from ON Semiconductor.  Ms. Mayer plans to handle |
| 8 | the motion for ON semiconductor. |
| 9 | THE COURT:  Okay.  Thank you. |
| 10 | MR. MABEY:  Good afternoon, Your Honor.  Warren |
| 11 | Mabey from Fish & Richardson on behalf of Power |
| 12 | Integrations.  With me on the line are Howard Pollack and |
| 13 | Joseph Warden, also from Fish. |
| 14 | THE COURT:  Okay:  And I, of course, have my |
| 15 | court report here with me.  For the record, this is our case |
| 16 | of ON Semiconductor Corporation, et al versus Power |
| 17 | Integrations, Inc., Civil Action No. 17-247-LPS. |
| 18 | This is the time I set to hear some argument on |
| 19 | the pending motion by the plaintiff to partially stay the |
| 20 | case pending IPR.  So we will hear from ON first, so I guess |
| 21 | that would be Ms. Mayer.  You may proceed when you are ready. |
| 22 | MS. MAYER:  Good afternoon, Your Honor. |
| 23 | So I think we don't have much to add in our |
| 24 | brief than what we put forward in our brief.  I'll just go |
| 25 | through the major points of why we think these patent claims |

1    should be stayed and why it will result in a significant

2    reduction of complexity for the jury in this case.

3          These two patents are asserted against a set of

4    105X products, it's called that has nothing to do with any

5    other patents in this case except for these two patents.  ON

6    doesn't claim that the 105X products practice the patents it

7    is asserting and POWI doesn't assert any of the infringement

8    of any of the other patents in this case.

9          It is a different architecture than the other

10    products in this case and the patents are also a different

11    technology.  There are different witnesses for these

12    patents.  There are, there is a different development, set

13    of development facts as the products that is accused of

14    infringement came from Motorola originally.  So it's a

15    different development story than the other products in

16    this case.

17          Given that the Patent Office has now instituted

18    IPR proceedings on all of the asserted claims in this case,

19    and given that damages is now fixed, these patents are both

20    expired, and the damages demand is less than $30,000 for

21    these two patents, we think that it would result in

22    significant simplification for the parties on both sides in

23    terms of presentation of the facts to the jury and there is

24    very little prejudice to Power Integrations.

25          The likelihood that some or all of the patent

1    claims here will be invalidated is pretty high.   There are

2    two separate independent bases for which the Patent Office

3    had already found that there is a reasonable likelihood of

4    proving unpatentability of all the claims.   And,

5              Finally, in POWI's opposition there is much

6    about a second trial.   In the event, the unlikely event we

7    view it, that these patent claims were to come back, ON

8    would offer a Rule 68 judgment or possibility of a bench

9    trial, but I don't think that there is a reasonable chance

10   that the parties are going to go to trial over $30,000 in

11   damages.   So I think that the possibility of a second trial,

12   while the points that POWI makes of course of a second trial

13   is always more burden than having two trials, it's just

14   highly unlikely under these circumstances that there will

15   ever be a second trial.

16              THE COURT:   Okay.

17              MS. MAYER:   For those reasons, we would ask that

18   the Court stay the claims on these two patents.

19              THE COURT:   Okay.   Thank you.   Let me hear from

20   Power Integrations then.

21              MR. WARDEN:   Good afternoon, Your Honor.   This

22   is Joseph Warden.   I'll be addressing this for Power

23   Integrations.

24              Let me start with where Ms. Mayer ended, which

25   is the likelihood of a second trial.   We think it is

1    actually a substantial likelihood of needing a second trial.

2    Although the Patent Office has instituted IPR on these

3    patents, there are four different petitions; and I think as

4    we note in our opening brief, if we just look at the Patent

5    Office statistics that on itself cited the likelihood all

6    claims will be invalidated and that the Federal Circuit

7    would affirm on all claims is something less than one in 20.

8    So in all likelihood, at least some of these claims are

9    going to emerge from the IPR process, and so then that puts

10   us in a situation where what otherwise would have been one

11   trial has now been turned into two trials.  And as we note

12   in our brief, even that first trial is not significantly

13   simplified.

14           Let me address a few of the issues that Ms.

15   Mayer made.

16           One point was that there would be different

17   witnesses.  As the parties briefing seems to agree, there

18   would only be one different witness.  If the two patents are

19   stayed, and not included in the first trial, it's only

20   Mr. Hall from ON that would not come as a witness.  All of

21   the expert witnesses would be the same.  All of the other

22   fact witnesses would be the same.  So what we would be

23   talking about is only shortening the testimony of witnesses

24   who are already going to have to show up on this trial and

25   would likely have to show up for a second trial.

1                Related to that point is even within the

2    testimony of those witnesses, we don't believe that there

3    will be a substantial shortening of the testimony that they

4    have to give.  We do agree that the 105X products that are

5    accused of infringing the '788 and '475 patents are not

6    accused of infringing other products but they are still

7    similar kinds of products.  These are all power supply

8    control chips.

9                The jury is going to be given the same kind of

10   educational testimony on how power supply control chips

11   worked, what their role is in the power supply, and what

12   the two patents at issue, that the '788 and '475 patents

13   do is perform that power conversion in a slightly different

14   way but it is still performing the same process, which is

15   converting the power from the outlet into something that can

16   be used by the electronic device.

17               So there is not going to be a whole new sort of

18   educational process for the jury.  It's going to be some

19   limited additional testimony explained to them how these

20   different patents do things in a slightly different way;

21   and, again, by all the same witnesses.

22               I also want to note that Ms. Mayer says at the

23   end that we will have only $30,000 of damages and it's

24   highly unlikely the parties would choose to go to trial for

25   a second time for $30,000 of damages.  That may be true, but

1    in our view, this is actually one of the reasons why Power

2    Integrations would be severely prejudiced by a stay.

3                    As the Court knows, this is part of an ongoing

4    dispute that has been going on for 15 years between ON and

5    its subsidiaries, Fairchild and System General, of which

6    there have been a number of Power Integrations patents

7    that have been infringed.  It is very important to Power

8    Integrations to defend all of its patents and to be able to

9    put a stop to infringement of any of its patents.  But that

10   said, it is much more reasonable and efficient for Power

11   Integrations to pursue protection of its patent rights on

12   these two patents when it is part of one single efficient

13   trial and would be much more difficult for Power

14   Integrations to do that if it had to bring a second trial

15   for only limited damages.  So in our view, the limited

16   amount of damages is actually a reason why this should be

17   included all together in a single efficient trial.

18                    THE COURT:  Okay.

19                    MR. WARDEN:  Unless the Court has any questions,

20   I think the rest of what we have to say is in our briefs.

21                    THE COURT:  Just a couple of questions.

22                    This prospect of, if it were to come to pass, a

23   bench trial or possibly an offer of judgment, do you have

24   anything to say about those possibilities, Mr. Warden?

25                    MR. WARDEN:  So I don't know what the offer

1    of judgment would be.  I'd be interested in seeing whether

2    they would be agreeable to say that they infringe these

3    patents, but this is not something we have seen a concrete

4    representation of.  I can say that I think our view is

5    that we want a jury trial.  We have a right to a jury trial

6    on our infringement claims, and that would be what we

7    would seek.  And, again, we think this can be done very

8    efficiently as part of a trial that is already ready to go

9    forward.  We have gone through fact discovery.  We have gone

10   through expert discovery.  Expert depositions are almost

11   complete.

12              So in our view, what we're talking about is

13   perhaps a small number of additional hours of testimony in

14   February rather than a whole new trial, whether it be a jury

15   trial or even a bench trial.

16              THE COURT:  There is an argument in the reply

17   brief that the amount of time that would go into witness

18   preparation might be materially reduced even for those

19   witnesses that are going to have to testify in February

20   either way.  Could you respond to that?

21              MR. WARDEN:  So I don't think it is a substantial

22   difference other than, of course, from Mr. Hall who is the one

23   witness I think we agree would not come in February.  For the

24   other witnesses, these are witnesses again who are going to be

25   largely talking about the technology of power supply controls,

1    are going to be witnesses talking about Power Integrations'

2    business and its history, its sales processes, its marketing

3    processes, and then there are going to be witnesses who will

4    be testifying about some specific technologies, but those

5    specific technologies are going to be testified about in

6    the context of already having educated the jury about power

7    supplies and power supply control chips generally; and so we

8    don't think there is substantial additional either prep time

9    or testimony time for these additional patents to be included,

10   and whatever additional time there is is vastly outweighed

11   in our view by the need to potentially have a second trial

12   which we think is a significant possibility in which all the

13   witnesses will have to come back, in which all the lawyers

14   will have to come back, in which all the educational process

15   is going to have to be done for the jury.

16            THE COURT:  And then, Mr. Warden, just one more.

17   There is an assumption I think that ON is making that if no

18   claims were to emerge from the IPR, that Power would just

19   drop its District Court litigation regarding the two patents.

20            I'm not sure that you would necessarily have to

21   drop them even if you don't prevail in the IPR.  Are you

22   prepared to say that their assumption is correct, that if

23   somehow all the claims were not to emerge from the IPR that

24   you definitely would not try to go forward with them?

25            MR. WARDEN:  I don't think that that could be

1    said at this point.  It depends in part on what the Court is

2    talking about.  In the likelihood every single one of the

3    claims are invalidated in the IPR, which we think is very

4    unlikely, there is still an appeal process in the IPR and,

5    likewise, there would be an ongoing appeal process from the

6    District Court.  And I think what happens with the District

7    Court litigation is a question that can't really be answered

8    until we see the way that each of those two appeal processes

9    would proceed separately.  But whatever conflict there were

10   between the IPRs and the District Court I think would be

11   resolved based on the outcomes of those appeals, and I don't

12   think we can say at this point what that would be.

13            THE COURT:  Okay.  Thank you very much.

14            Ms. Mayer, is there anything you want to add?

15            MS. MAYER:  The only point I would like to make

16   concrete, Your Honor, is that I am authorized by the client

17   to say today that we would make a Rule 68 judgment, offer of

18   judgment in the event that any claims come back.  So we are

19   trying to be as concrete as possible about the ability that

20   this would not need to have a second trial.  And given the

21   size of the damages here, in order to avoid a second trial,

22   we would be willing to make that commitment, if that is

23   something -- if Your Honor were inclined to grant the stay

24   with respect to these two patents.

25            THE COURT:  I take it you are not willing to

1     make the offer of judgment today.  You want to press forward

2     with your IPRs; correct?

3              MS. MAYER:  Well, Your Honor, if the situation

4     we were put into would either complicate the trial with an

5     entirely different, a new architecture, and we think that

6     is the simplification that is happening here, so we're not

7     presenting another complicated issue to this jury in

8     February, I think we would think seriously by making a Rule

9     68 offer today if that would -- I don't know that Power

10    Integrations would accept it, but we would do that.

11             And I think there was one other point that we

12    haven't covered so far is that in light of Your Honor's

13    claim construction of two key elements, we do have what we

14    think is a very strong noninfringement argument to, so

15    strong in fact that we put Power Integrations on notice that

16    we thought that they didn't have a basis to continue with

17    their infringement claims on those two patents.  So we will

18    be making a noninfringement summary judgment motion as well,

19    which is why making the offer of judgment right now is a

20    little, it's a little at odds with where we think the

21    balance of the merits lie on these two patents.  But in

22    order to simplify the trial, we would consider making an

23    offer of judgment right now.

24             THE COURT:  Okay.

25             MS. MAYER:  I just don't know if they would

1    accept it.

2                   THE COURT:  Obviously.  Right.  Okay.  Thank you

3    for that.

4                   Mr. Warden, is there anything you want to add?

5                   MR. WARDEN:  Just briefly.  As far as the offer

6    of judgment, this is not something that we've received and

7    so obviously we would need to consult with our client after

8    receiving the offer to respond to it.

9                   As far as the point that Ms. Mayer made about

10   the noninfringement and their belief they have a very strong

11   noninfringement position, well, we don't agree, but if that

12   is in fact their view that they have a very strong

13   noninfringement case, it seems to me that the way they

14   should proceed is to file their motion for summary judgment

15   of noninfringement.  And if they're right, then that would

16   simplify the trial by knocking these patents out on the

17   issue of noninfringement.  We don't think that would be the

18   outcome, but if that is their view, that seems to be a much

19   better way to resolve this rather than stay these patents

20   and have to deal with that infringement question down the

21   line.

22                   THE COURT:  Okay.  Is there anything else,

23   Ms. Mayer?

24                   MS. MAYER:  No, Your Honor.  I think that in the

25   event you deny our stay motion, we will be making the

1    noninfringement motion for summary judgment.

2              THE COURT:  Okay.  Well, thank you.  Thank you

3    both.  I guess that is where we're headed because I am going

4    to deny the motion for partial stay.  I do hereby deny ON's

5    motion.

6              I'll try to be brief in explaining why.  It's as

7    you all know a discretionary decision.  The standard is well

8    known.  It's undisputed.  It's set forth in both sides briefs.

9              I have looked at the factors that the courts

10   typically look to in this situation; and I find that the

11   factors do not favor the requested relief, that is, the

12   partial stay of two of Power Integrations's asserted

13   patents, the '788 and the '475.

14             First off, the requested partial stay I think

15   will not simplify the case, and I think it may make the

16   proceedings more complicated.

17             The only hope of simplification, if I grant the

18   motion, would be that we would, I take it, avoid motions

19   practice on those two patents; and I'm hearing that motions

20   practice is all but inevitable with respect to these

21   patents.  So we could at least temporarily avoid that

22   practice were I to grant the relief.

23             Then the February 2020 trial would be limited to

24   at most six patents instead of eight patents and have one

25   less architecture, but I don't think that in the context of

1    this case and these parties that that is going to be very

2    much, if any, simplification.

3            The trial in February 2020, even if I grant the

4    limited relief asked for today, is going to involve all of

5    the same witnesses except for one.  It's going to involve

6    six patents, which is going to be complicated.  It's going

7    to be a lengthy, complex trial.  It's going to be a trial.

8    It's not like you all are offering me the opportunity to

9    have no trial.  That's not on the table.

10           I'm not persuaded that the length of the trial

11   would be all that much different.  I'm not persuaded that

12   the difficulty of preparing for trial or preparing those

13   overlapping witnesses would be significantly simplified.

14           And I do think that there is some risk, if I

15   were to grant the stay, of having to have a second trial.  I

16   say that because if you just play the odds, it's likely that

17   at least one of the claims in the IPRs, the four IPRs on the

18   two patents, it's likely at least one of the claims is going

19   to emerge.

20           While there may well be an offer of judgment at

21   that point or some other point, obviously there has not been

22   an offer of judgment yet and there is nothing yet for Power

23   Integrations to accept, and I don't know if the offer will

24   ever be made or if it would even be accepted.

25           I also know that these patents have a long history

of fighting over almost everything, if not everything.  In my
recent recollection, I know we had a trial that was on about
$750,000 of damages; and I'll grant you that $30,000 in
damages is a different neighborhood than $750,000 damages, but
some might have thought there wouldn't have been a trial on
just $750,000 damages.

So I don't really have the confidence that ON
has that granting this motion could make it quite likely
that I would not have a second trial.  I'm afraid that I
would end up in a second trial.  So overall, this factor
weighs against a stay.

The second factor is that the stage of this
case, it is quite advanced.  It was filed nearly two
and-a-half years ago.  We have a trial date, of course, of
next February.  That date has been set for some time.  And
it is not that far away.

I have done a lot on the case, including claim
construction, and you all have done a great deal on the
case.  As I understand it, discovery is done, and we're
going to get your motions in the next couple of weeks.  So
this factor clearly weighs very heavily against a stay.

Then, finally, I think that the requested stay
would unduly prejudice Power Integrations and might present
a clear tactical disadvantage to Power Integrations.  And I
say that harking back to the limited damages that are at

1    stake, and I recognize they are set because the patents are

2    expired.

3              It may be, notwithstanding my prediction and

4    fear that I could end up with a second trial at which you

5    all are only fighting over $30,000, it may be instead that

6    Power Integrations would feel, as a practical matter, feel

7    compelled to drop those two patents if I were to stay the

8    case and then claims from those patents emerge from the IPR

9    given the very small amount of damages.  To the extent Power

10   Integrations might do that or even feel that pressure

11   significantly, I think that is unfair to them under the

12   totality of the circumstances here and would be a clear

13   tactical disadvantage to them.

14             In terms of the timing here, ON had the right to

15   wait until essentially the last day under which the statute

16   permitted them to file the last of their IPR petitions, but

17   that gets factored into the mix and cuts against granting

18   the relief sought.  ON did move fairly quickly in this court

19   soon after the last of the institution decisions was

20   returned, but overall this third factor does not favor a

21   stay.

22             It's also true that the parties are, of course,

23   direct competitors.  And as I have already alluded to and

24   you all know better than me engaged in an awful lot of

25   litigation against one another.  And I think that would also

1    make it a somewhat odd outcome for me to take this very

2    tiniest of pieces of these very large and numerous disputes

3    between fierce competitors and say this is not going to go

4    to trial.  So the motion is denied.

5              Are there any questions about that, Ms. Mayer?

6              MS. MAYER:  No, Your Honor.

7              THE COURT:  And Mr. Warden?

8              MR. WARDEN:  No, Your Honor.

9              THE COURT:  Okay.  Thank you all very much.

10   Have a nice weekend.  Good-bye.

11              (Telephone conference ends at 3:23 p.m.)

12

13        I hereby certify the foregoing is a true and accurate
     transcript from my stenographic notes in the proceeding.

14

15                        /s/ Brian P. Gaffigan
                         Official Court Reporter
16                        U.S. District Court

17

18

19

20

21

22

23

24

25