# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORPORATION and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 17-247-LPS |
| POWER INTEGRATIONS, INC., | ) ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT POWER INTEGRATIONS, INC.'S MOTIONS FOR SUMMARY JUDGMENT**

At Wilmington this _____ day of _____, 20__, the Court having considered the motions of defendant Power Integrations, Inc. ("PI") for summary judgment pursuant to Federal Rule of Civil Procedure 56;

IT IS ORDERED that the Motion is GRANTED.  Specifically, the Court holds that:

1.     Claims 1 and 9 of ON's U.S. Patent No. 7,102,211 (the "'211 patent") are INVALID as anticipated by Japanese Unexamined Patent Application Publication 61-53752 under 35 U.S.C. § 102(b) (pre-AIA).

2.     Claims 1, 4, 9, and 10 of the '211 patent are INVALID as obvious in view of Japanese Unexamined Patent Application 62-45054 and the admitted prior art under 35 U.S.C. § 103 (pre-AIA).

3.     ON has failed to prove that the accused eSOP products meet the limitation "discrete leads each having an end extending near the island" in the asserted claims of the '211

patent, and therefore summary judgment is GRANTED that the accused eSOP products do not infringe claims 1, 4, 9, or 10 of the '211 patent.

4.     ON has failed to provide any particularized testimony on how the accused products infringe the '211 patent under the doctrine of equivalents, and therefore summary judgment is GRANTED that the accused products do not infringe the asserted claims of the '211 patent under the doctrine of equivalents.

5.     Based on the principles of issue preclusion, summary judgment is GRANTED that ON infringes the asserted claims of PI's U.S. Patent No. 6,107,851 (the "'851 patent") and that these claims are not invalid;

6.     ON has failed to prove that use of PI's accused products with a rectifying diode infringes the asserted claims of ON's U.S. Patent Nos. 7,440,298, 7,564,705, and 7,796,407 (the "SR patents"), and therefore summary judgment of non-infringement is GRANTED;

7.     ON has failed to prove that PI infringes the asserted claims of the SR patents based on the Court's claim construction, and therefore summary judgment of non-infringement is GRANTED;

8.     ON has failed to provide evidence that it has complied with the notice and marking provisions of 35 U.S.C. § 287, and therefore summary judgment is GRANTED that ON is not entitled to damages before December 27, 2016 for the '298 and '705 patents;

9.     ON has provided no evidence of infringement for overseas sales before PI's first awareness of the asserted patents, and therefore summary judgment of no infringement is GRANTED with respect to overseas sales of the accused products before December 27, 2016. ON's royalty base for sales before December 27, 2016 is hereby LIMITED to 0.1% of PI's worldwide accused sales.

10.     ON Semiconductor Corporation ("ON Corp.") has not met its burden to prove that it has any enforceable rights in the patents-in-suit, and therefore summary judgment is GRANTED that ON Corp. lacks standing.

_____
Chief United States District Judge